NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-1744
_____

DANIEL GALMAN, JR.,

Appellant

v.

SYSCO FOOD SERVICES OF METRO NEW YORK LLC;
SYSCO CORPORATION RETIREMENT FUND;
SHELLY BUDHAR; JOHN DOES 1-10;
JANE DOES 1-10;
ABC CORPORATIONS A THROUGH Z;
SYSCO CORPORATION

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-07800)
District Judge: Honorable Kevin McNulty

_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2016

Before: AMBRO, SHWARTZ, and FUENTES, Circuit Judges

(Opinion filed December 8, 2016)

---

OPINION[*]

---

AMBRO, Circuit Judge

Daniel Galman, Jr. brought a lawsuit alleging that his former employer, Sysco Food Services of Metro New York LLC ("Sysco"), and several related individuals and corporations (collectively, "the Sysco Defendants"), violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1 *et seq.* The United States District Court for the District of New Jersey dismissed Galman's Complaint because he failed to state a claim under either act and because Galman's NJLAD claim was preempted by ERISA. We affirm.

## I. BACKGROUND

A few months before retiring from Sysco, Galman asked a human resources manager how much his lump-sum pension payment would be and requested information about a 6% penalty that he believed had been assessed against his account. Before receiving an answer, he retired at age 50 in September 2012.

After retiring, Galman reiterated his request for information, clarifying that he wanted "pension payment calculations, the numbers used in calculation of his pension, how the lump-sum amount had been arrived at and whether the money deducted from his

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

pension payment per the 6% penalty had been included in the pension payment that he received." J.A. 47a. When he did not receive a satisfactory response, Galman hired an attorney who requested similar information in writing.

Galman, who is African-American, learned that two white employees had received much larger lump-sum retirement payments than he did despite having held similar positions at Sysco for about the same number of years as Galman. He also alleges that white employees were honored in Sysco's company newsletter when they retired, but he was not. Finally, Galman notes that Sysco's "management team" was white. J.A. 51a.

## II.   ERISA

ERISA gives courts discretion to impose a monetary penalty on retirement plan administrators who fail to provide plan beneficiaries with certain required information within 30 days of a request. *See* 29 U.S.C. § 1132(c)(1). Galman's first count seeks to enforce § 1132(c)(1)'s penalty provision against the Sysco Defendants because they did not provide him with the information he requested about his retirement payment. The penalty only applies, however, if a plan administrator fails to provide information that it is required to provide by the provisions of Subchapter I of ERISA, 29 U.S.C. §§ 1001-1145.

Galman's Complaint never identifies any provision of ERISA that requires the Sysco Defendants to provide him with the specific information he requested. Moreover, his request goes far beyond the ERISA disclosure requirements identified and examined by the District Court. *See id*. §§ 1025(a) (requiring disclosure of "total benefits accrued" and "the nonforfeitable pension benefits, if any, which have accrued, or the earliest date

3

on which benefits will become nonforfeitable"), 1024(b)(4) (requiring provision of "the latest updated summary plan description . . . or other instruments under which the plan is established or operated"). Accordingly, Galman's first count fails to state a claim on which relief may be granted and was properly dismissed.[1]

## III. NJLAD

The Complaint's second count alleges that the Sysco Defendants violated the NJLAD. Under it employers may not "discriminate against [an] individual in compensation or in terms, conditions or privileges of employment" "because of [his] race[.]" N.J. Stat. Ann. § 10:5-12(a). To state a discrimination claim, a plaintiff must plausibly allege, among other things, that "[he] suffered an adverse employment action; and [that] others not within the protected class did not suffer similar adverse employment actions." *El-Sioufi v. St. Peter's Univ. Hosp.*, 887 A.2d 1170, 1182 (N.J. Super. Ct. App. Div. 2005).

Galman contends that the Sysco Defendants violated the NJLAD by paying him a smaller lump sum than two white employees who held similar jobs for the same number of years as he did. But the mere fact that Galman received a smaller retirement payment than other employees is not enough to infer that he suffered discrimination. The Complaint says nothing about the employees' retirement contribution levels, annuity elections, or age at retirement—all of which could account for the alleged disparity. Moreover, the Complaint contains no evidence of ill will or discrimination, such as

---

[1] To the extent Galman raised a breach-of-fiduciary-duty claim independent from his claim for statutory damages, that claim necessarily fails because the Sysco Defendants had no duty to provide him with the information he requested.

racially charged remarks. *See Smith v. Millville Rescue Squad*, 139 A.3d 1, 16 (N.J. 2016) (discriminatory remarks may serve as evidence of ill will under NJLAD).

As noted above, retiring white employees were honored in a company newsletter, while Galman was not. That is not enough to show discrimination either. "[A]n employer's adverse employment action must rise above something that makes an employee unhappy, resentful or otherwise cause an incidental workplace dissatisfaction." *Victor v. State*, 952 A.2d 493, 505 (N.J. Super. Ct. App. Div. 2008), *aff'd as modified*, 4 A.3d 126 (2010). Actions that "result in a bruised ego or injured pride" fall below this threshold. *Id.*

Finally, the Complaint repeats under count two that the Sysco Defendants failed to provide Galman with the information he requested about his retirement payment. Galman offers no facts suggesting that this failure was related to his race other than that he is African-American and Sysco's management team is white. He also fails to allege that he was treated differently in this regard (that is, that other employees' requests for information were answered).[2] *See El-Sioufi*, 887 A.2d at 1182. Thus, the Complaint's second count does not plausibly allege a claim of discrimination.[3]

---

[2] Galman also pursues an aiding and abetting claim against Sysco's human resources manager. However, since no violation of the NJLAD occurred, this claim must fail because there is no one to aid or abet. *See Tarr v. Ciasulli*, 853 A.2d 921, 929 (N.J. 2004) (holding that aiding and abetting liability requires that "the party whom the defendant aids must perform a wrongful act that causes an injury").

[3] The District Court held, in the alternative, that dismissal was warranted because Galman's NJLAD claim was preempted by ERISA. Because we uphold dismissal of the Complaint's second count for failure to state a claim, we do not reach that issue.

\*   \*   \*   \*   \*

For these reasons we affirm the District Court's dismissal of Galman's Complaint.